UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OMARR FORD,

        Petitioner,

v.     Case No. 06-C-1052

PEG LAUTENSCHLAGER,

        Respondent.

**ORDER**

On October 10, 2006, Wisconsin state prisoner Omarr Ford filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Ford was convicted in the Circuit Court for Milwaukee County of second degree sexual assault and sentenced to twenty-five years imprisonment. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Although Ford's petition is far from clear, I am able to discern four possible claims that are cognizable under § 2254. The first is prosecutorial misconduct. Ford alleges that the government intentionally withheld exculpatory information by failing to provide his attorney with key medical records until the day of trial. Liberally construing the petition, it seems to allege that these records dealt with the mental health condition of the victim of the offense and the possible impact of that condition upon her credibility as a witness. The failure of the prosecution to disclose exculpatory evidence to the defendant in a criminal case constitutes a violation of the due process clause of the Fourteenth Amendment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Ford's claim of prosecutorial misconduct will therefore be allowed to proceed.

Petitioner next alleges that the jury was biased. He claims that at the time of trial there was a conflict with one of the jurors which clearly "paints a picture of jury bias." (Petition at 8.) It is well established that the due process clause of the Fourteenth Amendment entitles a state criminal defendant to an impartial jury. *Morgan v. Illinois*, 504 U.S. 719, 726 (1992). Thus, although this allegation also is far from a model of clarity, petitioner will be allowed to proceed on this claim.

The third claim Ford has asserted is ineffective assistance of counsel. He claims that the representation provided by counsel was deficient in that counsel failed to object to the foregoing violations and, in addition, failed to request a DNA test of the victim. It is well established that ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment right. *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, this claim will also proceed.

Finally, petitioner claims that he was unconstitutionally subjected to double jeopardy in that he was charged with the same offense twice and was found not guilty for some of the same counts. The double jeopardy clause of the Fifth Amendment protects a criminal defendant in three ways.

It bars the government from prosecuting the defendant a second time for an offense after he has been either convicted or acquitted of that same offense. *Jones v. Thomas*, 491 U.S. 376, 381 (1989). It also prohibits multiple punishment for the same offense unless such punishment has been authorized by the legislature. *Id.* Here, again, the manner in which Ford claims his right against double jeopardy was violated is less than clear. Nevertheless, at this stage of the proceeding, I must take his allegations as true and thus conclude that this claim too may proceed.

There remains the question of exhaustion of state court remedies. An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. Here, I am unable to determine from the petition whether Ford has exhausted his state court remedies. If he has not, or if the petition is defective for other reasons, respondent may raise that issue by filing an appropriate motion to dismiss before undertaking a full response to the petition.

**IT IS THEREFORE ORDERED** that within 30 days of the date of this order the respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this  13th  day of October, 2006.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge