# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

OMARR FORD,

        Petitioner,

      v.                         Case No. 06-C-1052

PAMELA WALLACE,

        Respondent.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

On August 20, 2007, this court issued a decision and order denying petitioner Omarr Ford's ("Ford") petition for a writ of habeas corpus and dismissing the above-captioned action. On August 28, 2007, Ford filed a letter requesting that the court review his case because as a pro se petitioner he was unaware of the procedural requirements for bringing a petition for review before the Wisconsin Supreme Court. The court construes this letter to be a motion for reconsideration or a motion to alter or amend the judgment.

Neither the Federal Rules of Civil Procedure nor the Rules Governing Section 2254 Cases in the United States District Courts expressly recognize motions for "reconsideration." *See Hope v. United States*, 43 F.3d 1140, 1142, n.2 (7th Cir. 1994) (stating that "strictly speaking" a motion for reconsideration does not exist under the Federal Rules of Civil Procedure). Instead, such motions are typically treated as motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgment or orders under Rule 60(b).

It is well settled that a Rule 59(e) motion is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case. *See Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Rather, recognized grounds for such motions include a "manifest error of fact or law" by the trial court, "newly discovered evidence," or "a change in law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998.) And, the decision whether to grant such motions is left to the sound discretion of the trial court. *Diebitz*, 834 F.Supp. at 302.

In *Database America Inc. v. BellSouth Advertising and Publishing Corp.*, 825 F.Supp. 1216 (D. N.J. 1993), the court held that:

> A motion for reconsideration or to alter or amend a judgment may be made for one of three reasons: "(1) [A]n intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"

*Id.* at 1220 (citations omitted).

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed.R.Civ.P. 60(b). Rule 60(b)(6) permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.*

Ford's motion to alter or amend the judgment will be denied. The court is not insensitive to Ford's disappointment in not being afforded an opportunity to present to this court the merits of his petition. However, after giving due consideration to Ford's arguments and after reviewing my

August 20, 2007 decision and order, I find that there is no basis to alter my August 20, 2007 decision. Ford's pro se status and lack of legal knowledge is not sufficient to revive his procedurally defaulted claims. *See Salberg v. United States*, 969 F.2d 379, 383 (7th Cir. 1992); *see also Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992) ("[the petitioner] contends, however, that, if he is required to show cause and prejudice, a less stringent definition of cause is appropriate for pro se litigants. This contention is unavailing, for 'there is no constitutional right to an attorney in state post-conviction proceedings.'"); *Kelley-El v. Parke*, 1996 U.S. App. LEXIS 15671, *5 (7th Cir. 1996) ("As for [petitioner's] procedural default, we reject his suggestion that his pro se status constitutes good cause for failing to raise the subject matter jurisdiction issue earlier.").

**NOW THEREFORE IT IS ORDERED** that Ford's Motion to Alter or Amend Judgment be and hereby is **DENIED**.

**SO ORDERED** <u>10th</u> day of September 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3